IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

STEPHEN P. WALLACE,              )
                                 )
    Plaintiff,                   )
                                 )
          v.                     )   Case No. 1:16-cv-0047
                                 )
JOHN BAYLOUNY, *ET AL.*,         )
                                 )
    Defendants.                  )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on *pro se* Plaintiff
Stephen P. Wallace's three motions: (1) motion to vacate the
Court's March 29, 2016 order granting his motion to stay; (2)
motion to stay the case; and (3) motion to disqualify the
undersigned Judge from presiding over this case.  (Pl.'s Vacate
Mot. [Dkt. 17].)  The Court exercises its authority under Local
Civil Rule 7(J) to rule upon the motions without oral argument.
For the following reasons, the Court will deny the motions.

**I.        Background**

In January 2016, *pro se* Plaintiff Stephen P. Wallace
("Wallace") filed a three-page complaint and accompanying
exhibits alleging tortious interference with contract and
"conspiracy to circumvent plaintiffs [sic] beneficial interest."

1

(Compl. [Dkt. 1].)  Construing the complaint liberally,[1] Wallace alleges that in 2012 he was authorized to procure investors for Vision Technologies, Inc.  If he was successful, Vision Technologies agreed to pay Wallace and another agent "origination fees" of three percent each of any investments they procured for Vision Technologies.  Wallace contends that he is entitled to such a fee for an investment from Virginia-based defense contractor DRS Technologies that he originated.

Wallace names three DRS employees as Defendants (collectively "Defendants").  He alleges Defendants and Vision Technologies employees "covertly conspired in collusion to 'Tortuously Interfere & Circumvent' PLAINTIFFS 'Rights Granted Under the CONTRACT', made Public & Acquiesced to All Parties." (Compl. ¶ 6 (all errors and formatting contained in original).)

On February 22, 2016, Defendants moved to dismiss the Complaint with prejudice for failure to state a claim.  (Mot. to Dismiss [Dkt. 5].)  On March 9, 2016, Wallace filed a two page memorandum and several exhibits in opposition to the motion to dismiss.  (Pl.'s Mem. in Opp'n [Dkt. 12].)  Defendants replied on March 14, 2016.  (Defs.' Reply [Dkt. 13].)

---

[1]     The Court construes the Complaint liberally because Wallace is *pro se*.  *See In re Under Seal*, 749 F.3d 276, 290 (4th Cir. 2014).

On March 25, 2016, Wallace moved for a sixty day stay to permit him time to retain counsel. (Pl.'s Stay Mot. [Dkt. 15].) Wallace stated that a law firm had requested forty-five days to review his case to determine whether the firm would represent Wallace. (*Id.* ¶ 2.) This Court granted the motion, staying the pending motion to dismiss and scheduling a status conference on May 12, 2016.

The Court explained its reasoning for granting the stay in a written Order ("Order" or "Stay Order"). (*See* Stay Order [Dkt. 16].) The Order began by noting facts that weighed against granting a stay. First, the Court expressed its concern that Wallace had not diligently pursued representation, as the exhibits attached to Wallace's Complaint disclosed that he became aware of the circumstances underlying his claim as early as October 2012. (*See* Compl. Exs. [Dkt. 1-1] at 9.) Other exhibits disclosed that Wallace refused at least two offers of representation because the attorneys would not agree to contingency fee or *pro bono* representation. (*See* Compl. Exs. at 20-27; Pl.'s Mem. in Opp'n ¶ 7(b).) Second, the Court cited three opinions from Wallace's prior *pro se* cases in which he was reprimanded for "abusive litigious behavior and dilatory tactics." (Stay Order at 2.) The Court balanced those facts with the reasons for granting the stay, including the recent

3

request of a law firm for forty-five days to review the case, and the interest in facilitating Wallace's effort to clearly present his case to the Court so as to achieve a just resolution. (*Id.* at 2-3.) With those factors in mind, the Court granted Wallace's stay until May 12, 2016, to allow Wallace time to retain counsel. (*Id.*) The Court ordered parties to appear for a status conference on that date. (*Id.*)

Approximately five weeks after the Court entered its Order and one week before the scheduled status conference, Wallace filed the present motions to disqualify the undersigned from presiding over this case, to vacate the stay order, and to stay the case. Wallace failed to appear at the May 12, 2016 status conference.[2] The Court will deny Wallace's motions and return this case to active status.

## II.        Analysis

The Court will first address Wallace's motion to disqualify, then the motion to vacate, followed by the motion to stay. As described below, the Court will deny each motion.

---

[2] Wallace's own filings disclose that he was aware of the scheduled status conference. Wallace attached a copy of the docket sheet to his motions to disqualify, vacate, and stay. (*See* Pl.'s Vacate Mot. [Dkt. 17] at 5-7.) The last entry on that copy of the docket sheet reads as follows: "Set Hearing: Status Conference set for 5/12/2016 at 10:00 AM in Alexandria Courtroom 601 before District Judge James C. Cacheris."). Defense counsel appeared for the hearing, but Wallace was not present and has not since explained his absence.

A.          Motion to Disqualify

         Wallace argues that the Court's Order granting his

motion to stay demonstrates the need for disqualification under

28 U.S.C. § 455 for the following three reasons: (1) the Court

"intentionally misrepresents" facts within the Order; (2) the

Court cited three prior cases sanctioning or enjoining Wallace

due to his pro se filings; and (3) the Court is part of a

"silent coalition" of judges that are adverse to Wallace.  As

described below, none of those arguments justifies

disqualification.

         A federal judge "shall disqualify himself in any

proceeding in which his impartiality might reasonably be

questioned," 28 U.S.C. § 455(a), or where "he has a personal

bias or prejudice concerning a party, or personal knowledge of

disputed evidentiary facts concerning the proceedings,"

§ 455(b)(1).  Disqualification is required if a reasonable

factual basis exists for doubting a judge's impartiality.

People Helpers Found., Inc. v. City of Richmond, 12 F.3d 1321,

1325 (4th Cir. 1993).  To require disqualification, the judge's

alleged bias or prejudice generally must "result in an opinion

on the merits [of a case] on some basis other than what the

judge learned from his participation in the case."  Belue v.

Leventhal, 640 F.3d 567, 573 (4th Cir. 2011) (quoting Liteky v.

*United States*, 510 U.S. 540, 545 n.1 (1994)).  Thus, "judicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion.'"  *Id.* (quoting *Liteky*, 510 U.S. at 555).  Similarly, "judicial remarks that are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'"  *Id.* (quoting *Liteky*, 510 U.S. at 555). Ultimately a motion for disqualification is committed to the judge's sound discretion.  *Kidd v. Dalkon Shield Claimants Trust*, 215 B.R. 106, 109 (E.D. Va. 1996) (citing *In re Va. Elec. & Power Co.*, 539 F.2d 357, 369 (4th Cir. 1976)).  And a court is not bound to accept the movant's factual allegations within the motion as true.  *See In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).

Wallace's first argument is that the Stay Order "intentionally misrepresents" the facts in the record.  (*See* Pl.'s Vacate Mot. ¶¶ 2, 3.)  Specifically, Wallace believes the Court improperly concluded that he "has not reasonably attempted to retain counsel" and "rejected two known offers of representation because he did not wish to pay the retainer fees the attorneys required."  (*Id.* (quoting Stay Order at 1-2).)

This argument has no merit.  The Court made the above factual findings from a review of exhibits that Wallace attached to his Complaint, opposition to the motion to dismiss, and motion to stay.  (*See* Compl. Exs. [Dkt. 1-1] at 9, 20-27 (noting Wallace knew of facts underlying claim since 2012 and Wallace rejected representation offer); Pl.'s Mem. in Opp'n [Dkt. 12] ¶ 7(b) (disclosing Wallace's rejection of second representation offer).)  As conclusions derived from this proceeding, the Court's statement of facts "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky*, 510 U.S. at 556.  Far from demonstrating antagonism, the Court's statement of facts demonstrates a reasoned conclusion supported by Wallace's own exhibits.  Furthermore, the Court's granting of Wallace's motion to stay clearly evidences the absence of bias of any kind against Wallace.

Second, Wallace argues that the Stay Order cites three opinions from other judges imposing sanctions or injunctions against him.[3]  Wallace believes this citation demonstrates

---

[3]    The citations and accompanying parentheticals in the Court's Stay Order read as follows: "*See e.g.*, *Wallace v. Kelley*, No. 4:06-cv-3214, 2007 WL 2248105, at *4 (D. Neb. Aug. 1, 2007) (enjoining Wallace for his "long history of using the

prejudice because those cases pertain to a trust litigation that is unrelated to the current lawsuit.  Wallace contends that the Court cited these opinions with "malice, prejudice, & forethought" to inject a "poison pill" into his case and "interject[] Jurisdiction & Venue" of those cases into this proceeding.  (Mot. ¶¶ 4, 5.)  Those arguments are without merit.

The Court's awareness of Wallace's prior cases is not extrajudicial knowledge justifying disqualification.  A court may take judicial notice of orders entered in other cases.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").  Courts commonly notice a *pro se* plaintiff's prior cases, even when those cases are unrelated in subject matter to the case before the court.  *See, e.g.*, *Altizer v. Deeds*, 191 F.3d 540, 542 (4th Cir. 1999) (noting *pro se* prisoner was frequent filer and citing plaintiff's prior 107 unmeritorious lawsuits); *Pierce v. Freeman*, 121 F.3d 699 (table), 1997 WL 467533, at *1 (4th Cir. 1997) (stating in opinion's first sentence that plaintiff was a "frequent filer of *pro se*

courts in bad faith to harass the Defendants"); *Wallace v. Saffa*, No. 06-402, 2007 WL 1020791, at *3 (D.D.C. Mar. 30, 2007) (enjoining Wallace from filing additional pleadings in matter); *In re Wallace*, 288 B.R. 139, 150 (Bankr. N.D. Okla. 2002) (imposing filing restrictions on Wallace)."  (Stay Order at 2.)

8

complaints"). Noticing the undisputed fact of Wallace's prior litigation was particularly appropriate in this case. Wallace's complaint and exhibits disclosed that he previously litigated a similar case in Arkansas state court and another related case in an arbitration proceeding. (*See* Compl. [Dkt. 1] at 4-6 (Arkansas state court filing); Compl. Ex. [Dkt. 1-1] at 9-16 (discussing arbitration).) Thus, it was proper to conduct a brief legal search of Wallace's litigation history to ensure this case was not currently pending before a different court or subject to an injunction. *Cf. Fiorani v. Navy Fed. Credit Union*, No. 1:14-cv-1498, 2015 WL 1518071, at *1 (E.D. Va. Mar. 31, 2015) (noting *pro se* plaintiff attempted to avoid injunction by filing in different district). The Court's citation to Wallace's prior cases was appropriate because the outcome of those cases was relevant to the issue before this Court, i.e., whether Wallace was seeking a stay for a proper purpose and would effectively utilize the stay to obtain counsel. Additionally, Wallace has not contested that he was the *pro se* plaintiff in the cited cases. Thus, the Court's minimal awareness of Wallace's prior proceedings is not extrajudicial knowledge and does not justify disqualification.

Even if knowledge of those three proceedings is extrajudicial, disqualification is not warranted here. *See*

*Belue*, 640 F.3d at 573 ("[A]n extrajudicial source of bias is neither sufficient nor necessary for recusal . . . ." (citing *Liteky*, 510 U.S. at 554)).  The Court is not at all biased or prejudiced from its mere awareness that Wallace has been subjected to filing injunctions in at least three prior lawsuits.  The Court's lack of bias is `obvious from the fact that the Court granted Wallace's motion to stay the case, even though it was aware of Wallace's three prior filing injunctions. Thus, no reasonable person could conclude that the Court is biased or prejudiced against Wallace.

Additionally, the Court notes that citing to Wallace's three prior cases in no way "interjected Jurisdiction & Venue" of Wallace's trust litigation into this Court, as Wallace argues.  (*See* Mot. ¶ 5.)  Wallace's trust dispute is not before this Court.

Wallace's last argument is that the Court is acting at the bequest of a "silent coalition."  (Mot. ¶ 27.)  As support, Wallace attaches various news clippings discussing improprieties of Oklahoma state judges in the 1990's, a copy of the cover of a book called The Fraternity: Lawyers and Judges in Collusion, and assorted other pictures, letters, and court filings that allegedly string the web of conspiracy Wallace perceives.  (*See* Exs. [Dkt. 17] at 11-71.)  These allegations of a "silent

10

coalition" fall squarely into the category of "unsupported, irrational, or highly tenuous speculation" that do not require judicial disqualification. *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998). There is absolutely no support for any improper connection between this Court and the actions of Oklahoma state judges over two decades ago or any other coalition or conspiracy against Wallace; no such connection or coalition exists.

In sum, Wallace presents no argument that reasonably demonstrates this Court's bias or prejudice. "[W]hen there is no reasonable basis for questioning a judge's impartiality, it is improper for the presiding judge to recuse himself." *Dalkon Shield Claimants Trust*, 215 B.R. at 109 (citing *United States v. Glick*, 946 F.2d 335, 336-37 (4th Cir. 1991)). A motion to disqualify cannot be used as a "brushback pitch for litigants to hurl at judges who do not rule in their favor." *Belue*, 640 F.3d at 574. Such a motion is particularly improper when the Court has ruled in the litigant's favor, but for reasons the litigant disagrees with. Accordingly, the Court will deny the motion to disqualify. This Court has always been and continues to be unbiased and unprejudiced toward any party in this case or the case generally.

11

B.          Motion to Vacate

          Wallace next moves the Court to "vacate" the Order
granting his request for a stay.  The Court will liberally
construe this motion in Wallace's favor as a motion for review
of an interlocutory order under Federal Rule of Civil Procedure
54(b), which permits a court to revise an interlocutory decision
at any time.  Fed. R. Civ. P. 54(b); *Fayetteville Investors v.
Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir.
1991) (finding district court properly reconsidered an
interlocutory order under Rule 54(b)).  The power to reconsider
under this rule is committed to the discretion of the district
court and may be exercised as justice requires.  *See Am. Canoe
Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).
When employing that discretion, the court is not bound by the
strictures governing reconsideration of a final judgment.  *Id.*
Yet, many courts in this circuit have appropriately considered
those standards in guiding the exercise of discretion under Rule
54(b).  *See Zaklit v. Global Linguist Solutions, LLC*, No. 1:14-
cv-314, 2014 WL 4161981, at *2 (E.D. Va. Aug. 19, 2014); *Al
Shimari v. CACI Int'l, Inc.*, 933 F. Supp. 2d 793, 798 (E.D. Va.
2013).  Under those standards, courts generally do not depart
from a previous ruling unless "(1) a subsequent trial produces
substantially different evidence, (2) controlling authority has

12

since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Am. Canoe Ass'n*, 326 F.3d at 515 (citation omitted).  Such problems "rarely arise and the motion to reconsider should be equally rare." *Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).  A motion to reconsider is not proper when the party merely asks the court to reconsider what it has already thought through, rightly or wrongly.  *Nasatka v. Delta Sci. Corp.*, No. 93-1420-A, 1994 WL 874180 (E.D. Va. July 5, 1994).

Wallace appears to argue that the Stay Order has caused him to suffer a manifest injustice.  Namely, he contends that the Stay Order damages his ability to retain counsel by misrepresenting facts and citing prior cases in which he was reprimanded.  As explained above, however, the Court's recitation of facts is supported by the exhibits Wallace attached to his filings and the Court properly noticed Wallace's prior proceedings as relevant to the stay he requested in this case.  Thus, there is no clear error within the Order that could be said to have caused the injustice Wallace alleges. Furthermore, by granting the motion to stay, the Court communicated to Wallace and any attorneys he contacted that it was amenable to Wallace's pursuit of counsel and was dedicating

13

to reaching a just resolution of this case.  Thus, the Court cannot find that its Order caused any manifest injustice.  Accordingly, the Court will not vacate or reconsider its Stay Order.

C.      Motion to Stay

        Lastly, Wallace again seeks a motion to stay this case.  "The decision of whether or not to stay a case pending in district court lies within the sound discretion of the court to control its docket, absent a statute removing that discretion."  *Fisher v. United States*, No. 3:13-mc-08, 2013 WL 6074076, at *4 (E.D. Va. Nov. 18, 2013) (quoting *Linear Prods. v. Marotech, Inc.*, 189 F. Supp. 2d. 461, 463 (W.D. Va. 2002)).  "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative."  *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).  When determining whether a stay is appropriate, a district court must "weigh competing interests and maintain an even balance."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Three factors courts commonly consider include: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; (3) potential prejudice to the non-moving party."  *Fisher*, 2013 WL 6074076, at *4 (quoting *Johnson v.*

14

*DePuy Ortho.*, No. 3:12-cv-2274, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012)).  Balancing those factors in this case, Wallace has not carried his burden of demonstrating that a stay is warranted.

Judicial economy weighs against granting the stay. Wallace presents no argument that a stay is in the interest of judicial economy.  Granting an additional stay increases the likelihood of the unnecessary expenditure of judicial resources, as occurred when Wallace failed to appear at the May 12, 2016 status conference regarding the expiration of the prior stay. Thus, this factor weighs against granting the stay.

The hardship to Wallace from denying the stay does not weigh in favor of granting the stay.  The only hardship imaginable to Wallace is that he will lose an additional opportunity to seek representation of counsel.  This is not a substantial hardship because the Court foresees very little likelihood that he will retain counsel.  As the Court previously noted, Wallace has had over three years to retain counsel before filing this lawsuit, during which time he was unwilling or unable to accept at least two offers of representation.  (*See* Compl. Exs. [Dkt. 1-1] at 9, 20-27; Pl.'s Mem. in Opp'n [Dkt. 12] ¶ 7(b).)  Wallace's inability to obtain counsel during that time, or during the six week stay this Court granted, indicates

15

that an additional stay would likely be fruitless.  Furthermore,
Wallace appears capable to litigate this case on his own behalf,
as the case is not overly complex and Wallace's filings before
this Court indicate that he is familiar with the judicial
process and case management.  The court filings Wallace attached
to his Complaint indicate that he previously represented himself
in a similar litigation in state court.  (*See* Compl. [Dkt. 1] at
4-6 (Arkansas state court filings).)  Accordingly, this factor
does not support granting the stay.

        Lastly, the hardship on the nonmoving party weighs
against granting the stay.  Defendants already experienced the
inconvenience of one stay, which delayed resolution of their
pending motion to dismiss.  Defendants also expended resources
to appear at a hearing regarding the status of the prior stay on
May 12, 2016, which Wallace neglected to attend.  Granting an
additional stay would needlessly extend Defendants' uncertainty
regarding their legal liability and would increase the
likelihood of wasted resources as this case fluctuates between
stayed and active status.  Thus, this factor weighs against
granting the stay.

        On balance, the interest of judicial economy and the
prejudice to Defendants weigh heavily against granting the stay.
Wallace has not presented clear and convincing circumstances

16

that outweigh those factors.  Accordingly, the Court will deny the motion to stay and will return this case to active status.

**III.      Conclusion**

For the foregoing reasons, the Court will deny Wallace's motion for disqualification, deny Wallace's motion to vacate, and deny Wallace's motion to stay.

An appropriate order will issue.



_____
                                    /s/
May 17, 2016                    James C. Cacheris
Alexandria, Virginia    UNITED STATES DISTRICT COURT JUDGE